[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12846
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2010
JOHN LEY
ACTING CLERK

Agency Nos. A095-907-575,
A079-429-447

JAIME VICENTE PATINO VARGAS,
CARMEN TULIA CASTANO SALAZAR,
JUAN PABLO PATINO CASTANO,
JAIME ALEJANDRO PATINO CASTANO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 13, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jaime Vicente Patino Vargas, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals's (BIA) order affirming the Immigration Judge's (IJ) decision denying his application for asylum, withholding of removal, and relief under the United Nation's Convention Against Torture (CAT).[1] We deny the petition.

Since the BIA did not expressly adopt the IJ's opinion, we review the BIA's final judgment in light of the record as a whole. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review for "substantial evidence" a factual determination by the BIA that an alien is statutorily ineligible for asylum. *Id.* at 1283. To qualify for asylum, an alien must show past persecution or a well-founded fear of future persecution "on account of" his political opinion (or another protected ground). *See INS v. Elias-Zacarias*, 502 U.S. 478, 480, 112 S. Ct. 812, 815 (1992). Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Silva v. U. S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (quoting *Sepulveda v. U. S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam). "[M]ere harassment does not amount to persecution." *Id*. at 1237–38.

---

[1]Patino Vargas's asylum request was joined with that of his wife and three children as derivatives on his request for asylum, and their eligibility for asylum is therefore predicated upon his claim. *See* Section 208(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1158(b)(3) (stating that a spouse and the children of an alien may be joined to the same status as the alien in asylum determinations).

In this case, substantial evidence supports the BIA's conclusion that Patino Vargas is ineligible for asylum. The five anonymous telephone calls that Patino Vargas testified that he and his wife received from members of the Revolutionary Armed Forces of Colombia (FARC) because of his participation in the campaign of Dr. Alvaro Uribe Velez for President of Colombia and his activity in aboriginal and political causes, are sporadic and isolated, and they did not result in physical harm. The motorcyclists that allegedly threatened Patino Vargas did not identify themselves as members of FARC, nor did they indicate that Patino Vargas's political views were the basis for their animosity. Although Patino Vargas testified that two members of the Regional Aboriginal Council of Tolima (CRIT) were murdered, he has not established that he suffered any related physical harm, nor that he was the intended target of the alleged threats. None of his allegations constitute persecution, and none compel the conclusion that, more likely than not, Patino Vargas will be singled out for persecution on his return to Colombia. Accordingly, we deny his petition for review.

**PETITION DENIED.**